

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2023

**By ECF**
The Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **United States** v. **Neil Phillips**, 22 Cr. 138 (LJL)

Dear Judge Liman:

  The Government writes in opposition to the defendant's request to travel from the United Kingdom to South Africa. The Government appreciates Mr. Phillips's desire to visit his children and, in contemplation of his family situation, the Government took the unusual step of consenting to Mr. Phillips's return to the United Kingdom pending trial and after his conviction. The Government does not, however, believe that travel to another foreign country is appropriate.

  Following Mr. Phillips's arrest, the Government and Mr. Phillips's had extensive negotiations about a bail package. It is not the norm for defendants charged in this District to be allowed to leave the country pending trial. But in view of the unusual circumstances facing Mr. Phillips's family, the Government agreed to a bail package that allowed him to return to the United Kingdom pending trial. In the letter proposing the bail package to the Court, the parties wrote that the Government agreed to Mr. Phillips returning to the United Kingdom "due to extraordinary personal family circumstances," in particular, that he was "the legal guardian and sole caretaker for two minor children" who had extenuating personal circumstances. Dkt. 9. Those circumstances included the need for the children to remain in the United Kingdom.

  During trial, the Government was unaware that Mr. Phillips had, at some point in the summer of 2023, sent his children to South Africa. After his conviction, when the parties were discussing the terms of Mr. Phillips's potential continued bail, defense mentioned in an email that Mr. Phillips had sent his children to South Africa given his need to be in the United States for trial. But the Government was unaware that this was anything more than a temporary relocation for trial and, on the assumption that Mr. Phillips would be taking care of his children in the United Kingdom, did not object to Mr. Phillips's returning to the United Kingdom pending sentencing.

  After the Government consented Mr. Phillips's to return to the United Kingdom, on November 17, 2023, the defense emailed the Government and, for the first time, explained that Mr. Phillips's children had relocated to South Africa in the summer of 2023 with the intention to remain there for the school year. The defense asked whether the Government would consent to a

bail modification allowing Mr. Phillips to visit South Africa. The Government replied that it would oppose such a request, given the additional risk of flight that such travel would pose, as explained below.

The next the Government heard from defense about the issue was the evening of Thursday, December 21, when the defense said, for the first time, that it intended to file a motion for a modification allowing Mr. Phillips to travel before the end of the year. The timing of the defense's motion, in relation to the requested travel date, is unfortunate. The Government has tried to be—and will continue to be—sensitive to the family issues at play in this case. But it is still important to understand why it is necessary for Mr. Phillips to travel to his family, as opposed to having his family members travel to him. Mr. Phillips's children were with him on vacation in Spain when he was arrested, traveled back to the UK before he was granted bail, and were able to travel to South Africa this summer. The doctor's note the defense has submitted—which does not come from the children's doctor—does not explain why a relatively short trip to the United Kingdom would present a risk to them.

Allowing Mr. Phillips to travel to South Africa also presents a meaningful additional risk that Mr. Phillips will not return for sentencing. Because he has been convicted, the burden is on Mr. Phillips to show by "clear and convincing evidence" that he is not a risk of flight. 18 U.S.C. § 3143(a)(1). Mr. Phillips has a far stronger incentive not to return to the United States than he did before trial. He will now have to face the consequences of his crime, and challenging a jury verdict is always a tall task. The defense has not presented any evidence or legal support that, if Mr. Phillips were to decide to stay in South Africa, a court there would find the waiver he has presented to be enforceable. Nor has the defense presented evidence or legal support showing that South Africa would extradite Mr. Phillips if he contested extradition. That is not a foregone conclusion, as South Africa's extradition treaty with the United States requires that the offense at issue be "punishable under the laws" of South Africa. *See* Art. 2, "Treaty Between the United States of America and South Africa," https://www.state.gov/wp-content/uploads/2019/02/13060-South-Africa-Extradition-September-16-1999.pdf. Without being able to provide these assurance, the defense cannot meet its burden of showing, by clear and convincing evidence, that Mr. Phillips will not be a flight risk if allowed to travel to South Africa. His request for a bail modification should be denied.

Finally, if the Court grants the defendant's motion, the Government respectfully requests that the Court require Mr. Phillips to surrender his passport to a person of the Government's

choosing upon arrival in South Africa, and to periodically check in with a law enforcement officer of the Government's choosing during his trip.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: ____/s/_____
        Thomas Burnett/Kiersten Fletcher/Andrew Thomas
        Assistant United States Attorneys